UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

                         Criminal Case No. 18-20533

   v.

                         Hon. Victoria A. Roberts

Michael Hinds,

       Defendant.
_____/

## MOTION TO SUPPRESS EVIDENCE

Michael Hinds, through attorneys Natasha Webster and Fabián Rentería, moves this Court, pursuant to Fed. R. Crim. P. 12(b)(3)(C), and the Fourth Amendment of the United States Constitution, to conduct an evidentiary hearing and enter an order suppressing evidence, statements, and fruits obtained during and as result of an unlawful stop and seizure of Mr. Hinds by officers of the Detroit Police Department on November 23, 2017.  For the reasons explained in the accompanying brief, the stop was conducted in violation of the Fourth Amendment.

Counsel contacted AUSA Jihan Williams seeking concurrence in this motion.  AUSA Williams does not concur in the requested relief.

1

Respectfully,

s/ Natasha Webster
Natasha Webster
Fabián Rentería Franco
Counsel for Michael Hinds
FEDERAL COMMUNITY DEFENDER
613 Abbott St., 5th Floor
Detroit, MI  48226
(313) 967-5832
Natasha_Webster@fd.org
Fabian_Renteria_Franco@fd.org

Dated: November 15, 2018

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

   v.

Michael Hinds,

        Defendant.

_____/

Criminal Case No. 18-20533

Hon. Victoria A. Roberts

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND, ALTERNATIVELY, SUPPRESS

### Background

The following facts are taken from police reports and other materials provided as discovery by the government.

It was dark and past eleven at night on November 23, 2017 – the night of Thanksgiving. Michael Hinds and two other persons were sitting in a parked car on Ellsworth Street in Detroit, near Mr. Hinds' family's home. Detroit Police Department officers saw the car Mr. Hinds was in and stopped next to it because they believed that the three black people in the car were "smoking it up." According to Officer Daniel Harnphanich's subsequent

1

police report, the officers stopped because they saw three persons in a vehicle that had smoke within it, which he equated with drug use.

After initiating contact, the officers confirmed that it was actually cigarette smoke, but they escalated the stop after seeing Mr. Hinds with marijuana in his hands.  Mr. Hinds is a medical marijuana patient card holder, which he stated multiple times to officers while in the passenger seat and offered to show them his card.  Mr. Hinds' status as a patient card holder was irrelevant as Officer Harnphanich stated that he was improperly transporting it, and deemed this a misdemeanor offense.

All three people were pulled from the car, physically searched, and handcuffed.  After a thorough search of the vehicle, officers located a firearm, drugs, and some other items.   Mr. Hinds was arrested, subsequently released, and later charged with drug and firearm offenses.

## Argument

### Detroit Police Department officers lacked reasonable suspicion to justify an investigative stop.

The Fourth Amendment of the United States Constitution explains that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]"  U.S. Const. amend. IV.  "It is beyond dispute that a vehicle is

2

an 'effect' as that term is used in the Amendment." *United States v. Jones,* 565 U.S. 400, 404 (2012) (quoting *United States v. Chadwick*, 433 U.S. 1, 12 (1977).  The U.S. Supreme Court permits an investigating officer to briefly detain an individual for questioning upon reasonable suspicion "that criminal activity may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968).  Such investigative stop is only justified under the narrow grounds that the officer identify "specific and articulable facts" compromising reasonable and individualized suspicion of a criminal violation.  *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993) (quoting *United States v. Sokolow*, 490 U.S. 1, 12 (1989)).  "[W]henever a police officer accosts an individual and restrains his freedom to walk way, he has 'seized' that person." *Terry*, 392 U.S. at 16.

A police officer seizes the driver of the vehicle and all of the vehicle's occupants for purposes of the Fourth Amendment when conducting a vehicle stop.  *Brendlin v. California*, 551 U.S. 249, 263 (2007).  Thus, "[a]n automobile stop is [] subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Whren v. United States*, 517 U.S. 806, 810 (1996).

3

Here, Mr. Hinds was a passenger in a parked car. Once the officers began the investigative stop, Mr. Hinds was seized for Fourth Amendment purposes. *See Brendlin*, 551 U.S. at 257-58 (finding that passengers in cars have standing under the Fourth Amendment to challenge vehicle stops.). The government bears the burden of showing that the investigatory stop was supported by reasonable suspicion. *Florida v. Royer*, 460 U.S. 491, 500 (1983).

There was nothing inherently suspicious about three black people sitting in a parked car at night. No traffic laws were violated nor was there any reason to believe that all three of them were engaged or about to engage in criminal conduct. The officers' mere hunch cannot provide a basis to justify their actions. Moreover, the attempted legitimization of the investigatory stop upon the officer seeing Mr. Hinds with marijuana fails. In Michigan, a medical marijuana patient is not subject to the illegal transport of marijuana misdemeanor offense for having marijuana within the interior of a vehicle. *See People v. Latz*, 318 Mich. App. 380, 386 (2016). Mr. Hinds' possession of marijuana within the interior of the vehicle was insufficient to legitimize the investigatory stop.

4

Mr. Hinds believes that a hearing will show that Officer Harnphanich's reason for initiating contact with him and the other people in the car either did not exist, was pretextual, or did not provide suspicion justifying an investigative stop.  Therefore any evidence or fruits obtained during or as a result of unlawful investigatory stop must be suppressed.  *Wong Sun v. United States*, 371 U.S. 471 (1963).

## Conclusion

For these reasons, Mr. Hinds asks this Court to conduct an evidentiary hearing and, after hearing the evidence in this case, to enter an Order suppressing from evidence the gun and all other evidence seized as a result of the unlawful traffic stop in this case.

Respectfully,

s/ Natasha Webster
Natasha Webster
Fabián Rentería Franco
Counsel for Michael Hinds
FEDERAL COMMUNITY DEFENDER
613 Abbott St., 5th Floor
Detroit, MI  48226
(313) 967-5832
Natasha_Webster@fd.org
Fabian_Renteria_Franco@fd.org

Dated: November 15, 2018

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

                                      Criminal Case No. 18-20533

  v.

                                      Hon. Victoria A. Roberts

Michael Hinds,

        Defendant.
_____/

## Certificate of Service

Counsel certifies that on November 15, 2018, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to opposing counsel.

                          s/ Natasha Webster
                          Counsel for Michael Hinds
                          FEDERAL COMMUNITY DEFENDER
                          613 Abbott St., 5th Floor
                          Detroit, MI  48226
                          (313) 967-5832
                          Natasha_Webster@fd.org

1