UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         Case No. 18-20533
v.                                     District Judge Victoria A. Roberts
                                         Magistrate Judge Mona K. Majzoub

MICHAEL HINDS,

       Defendant.
_____/

**ORDER SUSTAINING THE GOVERNMENT'S OBJECTIONS IN PART; REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

## I. INTRODUCTION AND FACTUAL BACKGROUND

Around midnight on November 23, 2017, two Detroit Police Department officers drove a marked police vehicle and observed a minivan parked in front of a vacant house. Officers noted the minivan appeared to be filled with smoke. Officers suspected marijuana use. They stopped the patrol car alongside the minivan and asked whether the occupants were "smoking it up" and whether they had "mags." The occupants told the officers they were smoking cigarettes and denied having "mags."

The officers exited their patrol car to conduct an "informational encounter." One officer approached the driver's window and the other approached the passenger side. Defendant Michael Hinds sat in the front passenger seat. Officers concluded the occupants were only smoking tobacco products, but simultaneously observed Hinds rolling a marijuana blunt. Officers also saw vials "commonly used for packaging marijuana" in the center console. Hinds told the officers he had a marijuana card, but the

1

officers said even with the card, he was transporting marijuana illegally. Hinds attempted to produce his medical marijuana card several times but was stopped by officers.

The officers then detained the occupants and searched the minivan. They uncovered a bag containing various types of drugs and a handgun. They seized the gun and drugs and referred the case for federal prosecution. The seized evidence forms the basis of the federal charges against Hinds.

Hinds faces one Count of Possession with Intent to Distribute a Controlled Substance – Cocaine Base in violation of 21 U.S.C. § 841(a)(1); one Count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); and one Count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).

Hinds filed a Motion to Suppress Evidence. He claims his status as a medical marijuana cardholder under the Michigan Medical Marihuana[1] Act ("MMMA") protected him against the seizure which led to his federal prosecution.

The Court **REJECTS** the Report and Recommendation filed by the Magistrate Judge to whom the Motion to Suppress was assigned. The Court **ACCEPTS** the Government's objections in part and **DENIES** Hinds' Motion to Suppress.

II. DISCUSSION

This Court is required to make a de novo determination of those portions of a Report and Recommendation to which specific objections have been made, and may accept,

---

[1] The MMMA uses the original "marihuana" spelling; this opinion will use the common "marijuana" spelling.

reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

> a. **The Government's Second Objection Is Sustained – The MMMA Does Not Create an Exception to the Probable Cause Standard Under the Fourth Amendment.**

The Government says the Magistrate Judge erred in her conclusion that Hinds' status as a medical marijuana patient creates an exception to the well-established rule: a police officer who sees marijuana in a car has probable cause to search the vehicle. *See Carter v. Parris,* 910 F.3d 835, 839 (6th Cir. 2018); *U.S. v. McGhee,* 672 F.Supp.2d 804, 812 (S.D. Ohio, 2009). The Government says that while the MMMA creates limited immunity from arrest, prosecution, or penalty under *Michigan* law for a qualifying patient who is in full compliance, the statute is silent on whether probable cause can exist to search vehicles when potential violations of federal law may be presented. The Court agrees.

Police officers found Hinds in a car filled with smoke late at night. Circumstances were such that further investigation was reasonable. Hinds offered to produce his medical marijuana identification card. Police officers declined his offer and in the course of their investigation saw that Hinds was not only rolling a joint, but also had what appeared to be several vials of marijuana readily accessible in the front console. Police officers conducted a search of his automobile based on these observations.

Hinds relies heavily on *People v. Latz,* 318 Mich. App. 380 (2016), to argue that a violation of the MMMA is a civil infraction rather than an arrestable offense, and it cannot form the basis for probable cause. *Latz,* however, is distinguishable.

At the time of Latz's arrest, the MMMA was silent on how a qualified patient is to transport loose marijuana in a vehicle; it continues to be silent and the statute only addresses the transportation of marijuana infused products. *See* MCL § 333.26424b(2) (qualifying patients are not prohibited from transporting or possessing *marihuana-infused product* in or upon a motor vehicle in a sealed or labeled package not readily accessible from the interior of the vehicle) (emphasis added).

The *Latz* court held Michigan's illegal transportation of marijuana statute, MCL § 700.474, conflicted with the MMMA because the transportation statute subjected individuals to prosecution despite their compliance with the MMMA. 318 Mich. App. at 387. Consequently, according to *Latz,* persons in compliance with the MMMA cannot be prosecuted for violating MCL § 700.474. The *Latz* court presumed the defendant was in compliance with the MMMA. *Id.* at 385.

Had Hinds been arrested, prosecuted, and/or punished for the illegal transport of marijuana under the MMMA, *Latz* would be applicable. However, whether probable cause exists to search and arrest under the Fourth Amendment is a separate inquiry. Regardless of whether a person was allowed under state law to the medical use of marijuana, at the time of Hinds' search, federal and Michigan state law prohibited smoking marijuana in any public place. MCL 333.26427(b); *People v. Anthony,* No. 337793, 2019 WL 290026 (Mich. App. Jan. 22, 2019); *People v. Brown,* 297 Mich. App. 670 (2012); *People v. Johnson,* No. 329742, 2018 WL 4577295 (Mich. App. Sept. 13, 2018). Whether Hinds was in compliance with the MMMA or not has no bearing on whether probable cause to execute the search existed under the Fourth Amendment.

4

Importantly, the MMMA does not address, nor prohibit, searches of spaces for marijuana. MCL § 333.26424. The court in *Johnson v. Williams,* No. 14-cv-12790, 2016 WL 1425706, at *2 (E.D. Mich. Apr. 12, 2016) (Levy, J.), dismissed the argument that the MMMA protected against a warrantless search of a hotel room following the identification of strong marijuana smells "because the protections of the MMMA do not extend so far as to completely decriminalize the possession and use of marijuana in Michigan, or prohibit searches when a valid MMMA card is a potential defense to arrest or other punishment." *Id.* at *2.

The Court finds the MMMA: (1) only protects patients who comply with it; (2) only protects patients as outlined in the statute; and (3) is silent on whether the statute provides protection from: (a) determinations of probable cause, (b) searches of automobiles under exigent circumstances, and (c) violation of federal laws.

The Government's second objection is sustained.

### b. The Government's Standing Objection is Rejected for Failure to Raise the Issue Before the Magistrate Judge

The Government says the Magistrate Judge erred in assuming Hinds possessed a legitimate expectation of privacy in his mother's rental van such that he could challenge the search under the Fourth Amendment.

The Court declines to analyze this issue on the merits. The Federal Magistrates Act, 28 U.S.C. § 631 *et seq,* permits de novo review by the district court for timely raised objections. It does not permit parties to raise new arguments or issues that were not presented to the magistrate judge.

The Sixth Circuit held failure to assert a claim before the magistrate judge is an "apparent waiver." *United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998). *See also*

*Murr v. United States,* 200 F.3d 895, 902 n.1; *Childress v. Michalke,* 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) (J. Goldsmith).

The Government waived its standing argument by not raising it before the Magistrate Judge, and its objection is rejected.

### c. The Government's Remaining Objections Are Moot

The Government objects to the Magistrate Judge's finding that: (1) there would be no undue investigative burdens placed on officers if the search was found to be unreasonable; and (2) Hinds presented clear and uncontroverted evidence of MMMA compliance. The Government also says the Magistrate Judge failed to consider the good-faith exception to the exclusionary rule, which limits suppression to circumstances in which the benefits of police deterrence outweigh the cost of excluding illegally seized evidence. *United States v. Leon,* 468 U.S. 897 (1984); *see also U.S. v. Buford,* 632 F.3d 264, 276-77 (6th Cir. 2011).

In light of the Court's finding that the MMMA does not create an exception to the probable cause standard under the Fourth Amendment, the Court need not address these objections.

## III. CONCLUSION

The Court **REJECTS** the Report and Recommendation. The Court **ACCEPTS** the Government's objections in part and **DENIES** Hinds' Motion to Suppress.

**IT IS ORDERED.**

                                           s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge

Dated: April 30, 2019