Case No. 18-20533

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

### UNITED STATES OF AMERICA

v.

### MICHAEL HINDS

## MICHAEL HINDS'S MOTION TO SUPPRESS STATEMENTS THAT WERE INVOLUNTARILY ELICITED FROM MR. MASSEY IN VIOLATION OF MIRANDA AND THE FIFTH AMENDMENT

Christopher W. Quinn, II
The Law Offices of Christopher W. Quinn, II
400 Monroe, Suite 290
Detroit, Michigan 48226
Telephone: (313) 967-7847
Facsimile: (313) 967-7847
chris@winwithattorneyquinn.com
Counsel for Michael Hinds

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................... i

TABLE OF AUTHORITIES............................................................... i

INTRODUCTION........................................................................1

ARGUMENT:

    I.    Incriminating Statements Given by Defendant to Law Enforcement
        Violated Defendant's Miranda and Fifth Amendment Rights
        .............................................................4

CONCLUSION ............................................................7

CERTIFICATE OF SERVICE.........................................8

## TABLE OF AUTHORITIES

### CASES

Lego v. Towomey, 404 U.S. 477 (1972)....................................5

Culombe v. Connecticut, 367 U.S. 568, 602 (1961).......................5

Mincey v. Arizona, 437 U.S. 385, 405 (1978)............................6

Fikes v. Alabama, 352 U.S. 191(1957)...................................6

Gallegos v. Colorado, 370 U.S. 49 (1962)...............................6

Davis v. North Carolina, 384 U.S. 737 (1966)..........................6

Blackburn v. Alabama, 361 U.S. 199, 208 (1980).......................6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                CRIMINAL NO. 18-cr-20533

v.                                HONORABLE VICTORIA A. ROBERTS

MICHAEL HINDS

                Defendant.

_____/

## MOTION TO SUPPRESS STATEMENTS THAT WERE INVOLUNTARILY ELICITED FROM MR. HINDS IN VIOLATION OF MIRANDA AND THE FIFTH AMENDMENT.

Now comes Defendant Michael Hinds, through counsel Christopher W. Quinn, II and requests that the Court suppress involuntary statements elicited by law enforcement offices at the Detroit, Michigan Police Department ("Detroit PD") at a time when Defendant Michael Hinds was under the influence of narcotics, in violation of the Fifth Amendment and Miranda. In support of Mr. Hinds's request, counsel states the following:

1). On November 23, 2017, Mr. Hinds was arrested in the City of Detroit for allegedly being in possession of illegal narcotics and a firearm in the City of Detroit. Mr. Hinds was processed at the Detroit PD.

1

2).  Mr. Hinds prior to being arrested on November 23, 2019 had ingested narcotics and was under the influence of said narcotics

3).  While at the scene of instant, offense at 16010 Ellsworth St., Detroit, MI. where Mr. Hinds was arrested by Detroit, PD.  Mr. Hinds was captured by the Detroit PD's body cam allegedly making incriminating statements.

4)  Mr. Hinds at the time was not of sound mind and body because at the time he was under the influence of narcotics

5) During the interrogation of Mr. Hinds at the Detroit PD, Mr. Hinds involuntarily waived his Miranda rights and involuntarily made statements because he was under the influence of narcotics.

6)   The statements elicited from Mr. Hinds were in violation of his Miranda and Fifth Amendment rights because they were not voluntary.

7).  Defense counsel has sought concurrence regarding the relief requested in this Motion and the government does not concur.

8).  For the above reasons, counsel for Mr. Hinds requests that the Court conduct an evidentiary hearing on the matter and suppress statements provided by Mr. Hinds as involuntary and in violation of his Miranda rights and the Fifth Amendment because the statements were involuntary due to Mr. Hinds being under the influence of narcotics.

Dated: November 7, 2019

Respectfully submitted

/s/Christopher W. Quinn, II
Christopher W. Quinn, II (P69483)
Attorney for Michael Hinds
400 Monroe, Suite 290
Detroit, MI 48226
(313) 967-7847
chris@winwithattorneyquinn.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,               CRIMINAL NO. 18-cr-20533

v.

                              HONORABLE VICTORIA A. ROBERTS

MICHAEL HINDS

            Defendant.

_____/

**BRIEF IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS THAT
WERE INVOLUNTARILY ELICITED FROM MR. HINDS
IN VIOLATION OF MIRANDA AND THE FIFTH AMENDMENT.**

I.     FACTS

On November 23, 2017, Mr. Hinds was arrested in the City of Detroit for allegedly being in possession of illegal narcotics and a firearm in the City of Detroit. Mr. Hinds was processed at the Detroit PD.

Mr. Hinds prior to being arrested on November 23, 2017 had ingested narcotics and was under the influence of said narcotics. While at the scene of instant offense at 16010 Ellsworth St., Detroit, MI., where Mr. Hinds was arrested by Detroit PD. Mr. Hinds was captured by the Detroit PD's body cam allegedly making incriminating statements.

4

Mr. Hinds at the time was not of sound mind and body because at the time he was under the influence of narcotics. During the interrogation of Mr. Hinds at the Detroit PD. Mr. Hinds involuntarily waived his Miranda rights and involuntarily made statements because he was under the influence of narcotics. The statements elicited from Mr. Hinds were in violation of his Miranda and Fifth Amendment rights because they were not voluntary.

## II. ARGUMENT

According to the government, Mr. Hinds gave incriminating statements to law enforcement officers while in custody at the Detroit PD.  Although the government has provided a document purporting to show that Mr. Hinds waived his Miranda rights, the waiver was not voluntary because Mr. Hinds was under the influence of narcotics.

In order to introduce the statements as evidence at trial, the government has the burden of proving that Mr. Hinds's statements were voluntary.  *See Lego v Twomey*, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." *Culombe v. Connecticut,* 367

5

U.S. 568, 602 (1961).  In determining whether a statement was made voluntarily, a court must conduct "a careful evaluation of all the circumstances of the interrogation." *Mincey v. Arizona,* 437 U.S. 385, 405 (1978).

The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. *Fikes v. Alabama*, 352 U.S. 191 (1957); *see also Gallegos v. Colorado*, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case). Succinctly stated, the Court must examine the efforts to overbear Mr. Hinds's free will in relation to his capacity to resist those efforts.  *Davis v. North Carolina*, 384 U.S. 737 (1966) and whether his statements were the result of a rational intellect and a free will. *Blackburn v. Alabama*, 361 U.S.199, 208 (1980).

In this case, Mr. Hinds had ingested narcotics which interfered with his ability to knowingly and voluntarily waive his Miranda Rights,  law enforcement officers failed to determine whether or not Mr. Hinds was under the influence of drugs prior to conducting an interrogation of Mr. Hinds. The evidence at a hearing will demonstrate that any statements elicited from Mr. Hinds were made involuntarily and under the influence of narcotics.

## III. CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and proper, Mr. Hinds requests that the Court conduct an evidentiary hearing and suppress all statements elicited from Mr. Hinds.

Dated: November 7, 2019

Respectfully submitted

/s/Christopher W. Quinn, II
Christopher W. Quinn, II (P69483)
Attorney for Michael Hinds
400 Monroe, Suite 290
Detroit, MI 48226
(313) 967-7847
chris@winwithattorneyquinn.com

7

<u>CERTIFICATE OF</u>
<u>SERVICE</u>

I hereby certify that on the above date, the foregoing paper was filed with the clerk of the Court via ECF and served on all counsel of record.

Dated: November 7, 2019

<u>/s/Christopher W. Quinn, II</u>
Attorney for Michael Hinds

8