UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

      Plaintiff,        Case No. 18-20533

v.                       District Judge Victoria A. Roberts
                               Magistrate Judge Mona K. Majzoub

MICHAEL HINDS,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR RELEASE ON BOND [ECF No. 52]

Before the Court is Defendant Michael Hinds' renewed motion for release on bond. Because Hinds fails to rebut the presumption of detention, the Court **DENIES** the motion.

## I.    FACTUAL BACKGROUND

The Government charged Michael Hinds in a three-count Indictment with: one count of Possession with Intent to Distribute a Controlled Substance – Cocaine Base in violation of 21 U.S.C. § 841(a)(1); one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). The charges stem from Hinds' arrest on November 23, 2017.

1

Magistrate Judge Stafford entered a consent order of detention on July 23, 2018 because Hinds was already serving a one-year custodial sentence in a Pennsylvania state prison. Pretrial Services also recommended detention.

On November 13, 2019, Pretrial Services provided an updated memorandum. It again recommends detention.

## II.  ANALYSIS

### a.  Legal Standard

The Court reviews a Magistrate Judge's order of detention *de novo. United States v. Montgomery,* No. 09-20101, 2010 WL 1052339 (E.D. Mich. Mar. 19, 2010) (Cox, J.).

Typically, it is the default position that a defendant should be released pending trial. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010). However, this default position is modified "for certain, particularly dangerous defendants." *Id.* When there is probable cause that a defendant committed one of the crimes listed in section 3142(e)(3), there is a rebuttable presumption in favor of detention. *Id.* This section includes offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et seq.*). Because Hinds is charged with Possession with Intent to Distribute a Controlled Substance –

Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c), this rebuttable presumption applies.

A defendant rebuts this presumption favoring detention when he produces evidence that he does not pose a danger to the community and is not a flight risk. *Id.* (internal citations omitted). Even when a defendant rebuts this presumption, the Court must still consider the factors set forth in § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Ultimately, a defendant may be detained pending trial only if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

### b. Hinds Fails to Rebut the Presumption of Detention

To rebut the presumption of detention, Hinds says he has strong ties to the community, and that he has not been in contact with the criminal justice system since 2002. He also says he is not a flight risk because he could

reside with either his mother or his siblings, who live in Detroit. He also expresses a desire to attain gainful employment, which would further tie him to the area.

The Government directs the Court to Hinds' criminal history, which includes a conviction for armed robbery and felony firearm in 2002, and convictions for controlled substances offenses in 2016 and 2017. The Government also highlights Hinds' history of non-appearance and non-compliance with court supervision. Hinds has five outstanding warrants, including: one for failure to appear at the 67th District Court in Flint, Michigan in 2016; and three warrants for probation violations in the Third Circuit Court in Detroit, Michigan and the 16th Circuit Court in Mt. Clemens, Michigan in 2017.

Hinds' assertion that he has not had contact with the criminal justice system since 2002 is contradicted by the Pretrial Services Report and his admission that he just completed a one-year custodial sentence in a Pennsylvania state prison. Further, the Pretrial Services Report indicates that his mother, who Hinds says he could reside with if released, previously kicked Hinds out of her home for unknown reasons. The Report indicates that although Hinds was directed to cease his medical marijuana use by other courts, he continued to use marijuana.

### III. CONCLUSION

Hinds fails to address his criminal history, history of non-compliance with Court orders, and his mother's previous reasons for kicking him out of her home. As such, Hinds fails to rebut the presumption of detention.

The Court **DENIES** Hinds' renewed motion for bond.

**IT IS ORDERED.**

Dated: December 23, 2019   s/ Victoria A. Roberts
            Victoria A. Roberts
            United States District Judge