UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

          Plaintiff,                 Case No. 18-20533

v.                                District Judge Victoria A. Roberts
                                 Magistrate Judge Mona K. Majzoub

MICHAEL HINDS,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS IN PART AND SETTING EVIDENTIARY HEARING [ECF No. 54]

Before the Court is Defendant Michael Hinds' motion to suppress statements. Hinds made statements to Detroit police officers before he was arrested, and after he executed a written waiver of his *Miranda* rights. Because it is unclear whether Hinds was in custody for purposes of *Miranda* before he was arrested, the Court will set an evidentiary hearing to determine whether *Miranda* applies to any statements made during that time.

Because there is sufficient evidence to conclude that his waiver of his *Miranda* rights was voluntary, the Court **DENIES** Hinds' motion to suppress statements made during his custodial investigation.

## I.   BACKGROUND

The Government charged Michael Hinds in a three-count Indictment with: one count of Possession with Intent to Distribute a Controlled Substance – Cocaine Base in violation of 21 U.S.C. § 841(a)(1); one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). The charges stem from Hinds' arrest on November 23, 2017.

Around midnight on November 23, 2017, two Detroit Police Department officers observed a minivan parked in front of a vacant house. Officers noted the minivan appeared to be filled with smoke. Officers suspected marijuana use. They stopped the patrol car alongside the minivan and asked whether the occupants were "smoking it up" and whether they had "mags." The occupants told the officers they were smoking cigarettes and denied having "mags."

The officers exited their patrol car. One officer approached the driver's window and the other approached the passenger side. Defendant Michael Hinds sat in the front passenger seat. Officers concluded the occupants were only smoking tobacco products, but simultaneously observed Hinds rolling a marijuana blunt. Officers also saw vials "commonly used for packaging

marijuana" in the center console. Hinds told the officers he had a marijuana card, but the officers said even with the card, he was transporting marijuana illegally. Hinds attempted to produce his medical marijuana card several times, but officers stopped him.

The officers then detained the occupants and searched the minivan. They seized a bag containing crack cocaine, heroin, a digital scale, and a handgun. Officers also seized four plastic Rx bottles containing loose marijuana, six empty Rx bottles, and another digital scale. Officers asked Hinds and the other occupants questions including who the van belonged to, and after seizing the handgun and narcotics, asked Hinds directly, "is this all you?". Officers arrested Hinds.

An officer interviewed Hinds the next day. The officer read Hinds his *Miranda* rights. Hinds read his rights back to the officer and signed a waiver form. The officer asked Hinds whether he was under the influence of any narcotics or alcohol. Hinds shook his head indicating "no." The police interview lasted for approximately 1 hour.

## II.    ANALYSIS

Hinds attacks the admissibility of: (1) the statements he made while he was detained but before he was arrested; and (2) the statements he made during a police interview after he waived his *Miranda* rights. Hinds says he

3

ingested narcotics prior to officers arresting him. He does not specify what narcotics he took, but says he was not of sound mind and body to make voluntary statements or waive his *Miranda* rights.

The Government says: (1) Hinds was not entitled to *Miranda* protections while he was detained during a routine traffic encounter; and (2) the totality of the circumstances show Hinds understood his *Miranda* rights and voluntarily waived them.

The Government bears the burden of proving by a preponderance of the evidence that a defendant's *Miranda* waiver and confession were voluntarily made. *United States v. Binford,* 818 F.3d 261, 271 (6th Cir. 2016) (citing *Colorado v. Connelly,* 479 U.S. 157, 168-68 (1986)).

### 1. It is Unclear from the Bodycam Footage Whether Hinds Was in Custody for Purposes of *Miranda* Before Officers Arrested Him

Hinds says he was under the influence of unspecified narcotics when he made statements before he was arrested by Detroit police officers. Hinds does not expand on this argument.

The requirements of *Miranda* arise when a defendant is both: (1) in custody; and (2) being interrogated. *United States v. Swanson,* 341 F.3d 524, 528 (6th Cir. 2003). The Supreme Court held individuals temporarily detained pursuant to traffic stops are not "in custody" for purposes of *Miranda*

4

because they are inherently less coercive than custodial interrogations. *Berkemer v. McCarthy,* 468 U.S. 420, 440 (1984). However, *Berkemer* recognized that when a traffic stop becomes more coercive than a routine traffic stop, police may be required to advise a suspect of *Miranda* rights even though the underlying seizure of the individual might qualify as a reasonable investigative detention. *Id.* ("If a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda").

The Supreme Court held that a person questioned by officers after being taken "into custody or otherwise deprived of his freedom in any significant way" must be warned of his *Miranda* rights. *Miranda v. Arizona,* 384 U.S. 436, 444 (1966). The ultimate inquiry into whether a person is in custody for purposes of *Miranda* is whether there was a formal arrest or restraint on the freedom of movement of the degree associated with a formal arrest. *Stansbury v. California,* 511 U.S. 318, 322 (1994) (internal citations omitted).

Once a person is in custody, the Supreme Court held *Miranda* safeguards apply whenever that person is subjected to either "express questioning or its functional equivalent." *Rhode Island v. Innis,* 446 U.S. 291,

301 (1980). The "functional equivalent" to "express questioning" is any words or actions that officers "should know are reasonably likely to elicit an incriminating response." *Id*.

The footage shows officers asking Hinds and the other unnamed vehicle occupants questions about the visible marijuana in the vehicle. Once officers direct Hinds and the other occupants to step out the car, Hinds and the other occupants are detained while officers search the vehicle. After officers recovered contraband from the vehicle, officers asked Hinds whether he had a "heroin card," a "crack card," or a "pistol license." After officers seize the narcotics and as they are identifying them, an officer asked Hinds whether there is anything else in the car and whether the contraband is "all you." The footage then ends.

It is unclear from the bodycam footage alone: (1) whether Hinds' was "in custody" for purposes of *Miranda* before he was formally arrested; and (2) whether Hinds was subjected to the "functional equivalent" of an interrogation.

The Court will hold an evidentiary hearing to determine whether Hinds' was subject to *Miranda* protections before his recorded custodial interview.

## 2. Hinds Voluntarily Waived His *Miranda* Rights Before His Recorded Custodial Interview

Statements made by a defendant during an interrogation while in police custody are not admissible unless the defendant was first apprised of his constitutional right against self-incrimination, and validly waived this right. *United States v. Cole,* 315 F.3d 633, 636 (6th Cir. 2003); *Miranda v. Arizona,* 384 U.S. 436, 478-79 (1966). A defendant must voluntarily waive his *Miranda* rights, and that waiver must be free from any coercion. *Binford,* 818 F.3d at 271.

A *Miranda* waiver is two-fold. "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine,* 475 U.S. 412, 421 (1986). The Court may properly conclude a defendant waived his *Miranda* rights only if the totality of the circumstances shows "an uncoerced choice and the requisite level of comprehension." *Id.*

As the Government points out, Hinds does not explicitly allege any coercive behavior from the questioning officers. Instead, he says the officers

7

"failed to determine" whether he was under the influence of drugs prior to conducting the interrogation.

The Court viewed the recorded police interrogation. The interviewing officer asked Hinds whether he was under the influence of any drugs or alcohol. Hinds answered in the negative. This is supported throughout the interview: Hinds read the waiver form aloud without assistance and actively participated in the hour-long interview. He asked the officer questions and reviewed what the officer wrote down from their conversation. He appeared coherent throughout the interview.

The relevant question is not whether "the criminal suspect [knew] and [understood] every possible consequence of a waiver of the Fifth Amendment privilege," but rather whether "the suspect [knew] that he [could] choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time." *Colorado v. Spring,* 479 U.S. 564, 574 (1987). Based on the recorded interview, there is sufficient evidence that Hinds voluntarily waived his *Miranda* rights, and that he was fully aware of the rights being abandoned and the consequences of abandoning them.

### III.    CONCLUSION

Because it is unclear whether Hinds was in custody for purposes of *Miranda* before he was arrested, the Court sets an evidentiary hearing for **Thursday, January 30, 2020 at 9:00 am** to determine whether *Miranda* applies.

There is sufficient evidence to conclude that his waiver of his *Miranda* rights was voluntary. The Court **DENIES** Hinds' motion to suppress statements made during his custodial investigation.

Dated: December 23, 2019                    s/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge