Case No. 18-20533

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

## UNITED STATES OF AMERICA

v.

## MICHAEL HINDS

## DEFENDANT'S MOTION AND BRIEF FOR RECONSIDERATION OF THIS COURT'S ORDER (RE 38) DENYING DEFENDANT'S MOTION TO SUPPRESS

Christopher W. Quinn, II
The Law Offices of Christopher W. Quinn, II
400 Monroe, Suite 290
Detroit, Michigan 48226
Telephone: (313) 967-7847
Facsimile: (313) 967-7847
chris@winwithattorneyquinn.com
Counsel for Michael Hinds

i.

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................ i

TABLE OF AUTHORITIES........................................................ i

INTRODUCTION..................................................................... 1

ARGUMENT:

I.  "Clear and Uncontroverted" evidence of MMMA compliance could preclude a finding of probable cause based on marijuana possession ........................................................................... 5

CONCLUSION ........................................................................ 6

CERTIFICATE OF SERVICE.................................................... 7

# TABLE OF AUTHORITIES

**STATUES**

Fed. R. Civ. P. 59(e)................................................................ 1

**COURT RULES**

Local Court Rule (E.D. MI) 7.1(h)............................................ 1

**CASES**

United States v. Duval, 742 F.3d 246, 252 (6th Cir. 2014) ...................... 5

People v. Brown, 297 Mich. App. 670, 825 N.W.2d 91 (Mich. Ct. App. 2012) ........................................................................... 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                  CRIMINAL NO. 18-cr-20533

v.                                HONORABLE VICTORIA A. ROBERTS

MICHAEL HINDS

       Defendant.
_____/

**DEFENDANT'S MOTION AND BRIEF FOR RECONSIDERATION OF THIS COURT'S ORDER (RE 38) DENYING DEFENDANT'S MOTION TO SUPPRESS**

The Defendant movers this Honorable Court, under Fed. R. Civ. P. 59(e) and E.D. Mich. LR 7.1(h) to reconsider its Opinion and Order (RE 38) denying his motion to suppress illegally sized evidence for the reasons in the following brief:

1). On November 23, 2017, Mr. Hinds was arrested in the City of Detroit for allegedly being in possession of illegal narcotics and a firearm in the City of Detroit. Mr. Hinds was processed at the Detroit PD.

1

2). Mr. Hinds prior to being arrested on November 23, 2019, came in contact with Detroit Police Offices Harnphanich and Bush.

3). The reason Detroit Police Offices Harnphanich and Buch came into contact with Mr. Hinds is because the officers noticed his vehicle was filed with smoke.

4) The Detroit Police Offices were investigating whether the occupants were illegally smoking marihuana in public.

5) During their investigation the officers determined that the smoke in Mr. Hinds vehicle was tobacco smoke and not marihuana smoke.

6) That Mr. Hinds had a license to use medical marihuana.

7). That Mr. Hinds was in possession of less than 2.5 ounces of marihuana.

8). That the DPD officers observed Mr. Hinds in possession of less than 5 grams of marihuana.

9. That the DPD offices did not observe or smell any burnt marihuana in Mr. Hinds' vehicle.

10). From the DPD offices initial observations their was no evidence that Mr. Hinds was not in "clear and uncontroverted" compliance with the Michigan Medical Marihuana Act (MMMA.)

11) The Michigan Medical Marijuana Act (MMMAA) does provide a very restricted limited exception to that general rule of a finding of probable cause for

the possession of marijuana, but there has to be "clear and uncontroverted" compliance with the Act.

12) There in no indication by the court in its order (RE 38) of whether or not Mr. Hinds was in "clear and uncontroverted" compliance with the MMMA.

13) If it was determined that Mr. Hinds was in "clear and uncontroverted" compliance with the MMMA, probable cause could be precluded.

For the above reasons, counsel for Mr. Hinds requests that the Court reconsider in order (RE: 38) denying his motion to suppress.

Dated: January 13, 2020,   Respectfully submitted

/s/Christopher W. Quinn, II
Christopher W. Quinn, II (P69483)
Attorney for Michael Hinds
400 Monroe, Suite 290
Detroit, MI 48226
(313) 967-7847
chris@winwithattorneyquinn.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CRIMINAL NO. 18-cr-20533

v.                                HONORABLE VICTORIA A. ROBERTS

MICHAEL HINDS

        Defendant.
_____/

**DEFENDANT'S MOTION AND BRIEF FOR RECONSIDERATION OF THIS COURT'S ORDER (RE 38) DENYING DEFENDANT'S MOTION TO SUPPRESS**

## I.    FACTS

Mr. Hinds prior to being arrested on November 23, 2019, came in contact with Detroit Police Offices Harnphanich and Bush. The reason Detroit Police Offices Harnphanich and Buch came in contact with Mr. Hinds is because the officers notices his vehicle was filed with smoke. The Detroit Police Offices were investigating whether the occupants were illegally smoking marihuana in public. During their investigation the officers determined that the smoke in Mr. Hinds vehicle was tobacco smoke and not marihuana smoke. That Mr. Hinds had a license to use medical marihuana. That Mr. Hinds was in possession of less than

4

2.5 ounces of marihuana. That the DPD officers observed Mr. Hinds in possession of less than 5 grams of marihuana. That the DPD offices did not observe or smell any burnt marihuana in Mr. Hinds' vehicle. From the DPD offices initial observations there was no evidence that Mr. Hinds was not in "clear and uncontroverted" compliance with the Michigan Medical Marihuana Act (MMMA.)

## II. ARGUMENT

The leading case suggest in dicta that "clear and uncontroverted" evidence of MMMA compliance could preclude a finding of probable cause based on marijuana possession. See id.; United States v. Duval, 742 F.3d 246, 252 (6th Cir. 2014). The dicta relied upon in the Duval case is based upon the Michigan Court of Appeals case, *People v. Brown*, 297 Mich. App. 670, 825 N.W.2d 91 (Mich. Ct. App. 2012) which states "while we decline, in light of the pertinent case law, to impose an affirmative duty on the police to obtain information pertaining to a person's noncompliance with the MMMA before seeking a search warrant for marijuana, if the police do have **clear and uncontroverted evidence** that a person is in full compliance with the MMMA, this evidence must be included as part of the affidavit because such a situation would not justify the issuance of a warrant. This scheme will reduce any potential (however unlikely) for police overreach in attempting to obtain search warrants."

5

In this case, there was never a finding by the court of whether there was "clear and uncontroverted" evidence that Mr. Hinds was in compliance with the MMMA. In it order (Re:38) the court does indicate that the " The Court finds the MMMA: (1) only protects patients who comply with it; (2) only protects patients as outlined in the statute;" but does not disclose whether Mr. Hinds was in compliance with the MMMA and if he was in compliance what protections he would be entitled to. It appears that if Mr. Hinds was in "clear and uncontroverted" compliance, that the DPD offices would not have sufficient probable cause to search his vehicle.

### III. CONCLUSION

For the foregoing reasons, and any other reasons the Court finds just and proper, Mr. Hinds requests that the Court reconsider its order (RE:38) and grant Mr. Hinds's motion to suppress.

Dated: January 13, 2020

                                                    Respectfully submitted

                                                    /s/Christopher W. Quinn, II
Christopher W. Quinn, II (P69483)
Attorney for Michael Hinds
400 Monroe, Suite 290
Detroit, MI 48226
(313) 967-7847
chris@winwithattorneyquinn.com

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, the foregoing paper was filed with the clerk of the Court via ECF and served on all counsel of record.

Dated: January 13, 2020

/s/Christopher W. Quinn, II
Attorney for Michael Hinds