UNITED STATES,

          Plaintiff,              Case No. 18-20533

v.                           District Judge Victoria A. Roberts

                                 Magistrate Judge Mona K. Majzoub

MICHAEL HINDS,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [ECF No. 63]

Defendant Michael Hinds filed a motion for reconsideration of this Court's order sustaining the Government's objections to the Magistrate Judge's Report and Recommendation and denying his motion to suppress evidence. [ECF No. 38].

Hinds contends that there is "clear and uncontroverted evidence" that he was in compliance with the Michigan Medical Marijuana Act ("MMMA") when police stopped the minivan in which he was a passenger and searched it. He says this evidence of compliance precluded a finding by law enforcement that there was probable cause to search the van. Presumably, the "clear and uncontroverted" evidence of compliance is that the

Government did not contest that Hinds had a valid medical marijuana card at the time, although officers did not allow him to produce it.

Hinds made the same argument in his motion to suppress. And, the Court found that whether a person has a medical marijuana card and may be in compliance with the MMMA has no bearing on whether law enforcement can make probable cause determinations for potential violation of federal drug laws and execute a search under the Fourth Amendment.

Here, Officers legitimately stopped Hinds' car. They saw Hinds rolling a joint and they saw vials commonly used for packaging marijuana in the center console of the car. Under these circumstances and under federal law, officers lawfully had probable cause to search the vehicle.

To succeed on a motion for reconsideration under the local rule, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a "defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican,* 156 F.Supp.2d 661, 668 (E.D. Mich. 2001). A motion for reconsideration that "merely presents 'the same issues ruled upon by the

Court, either expressly or by reasonable implication,' shall be denied." *U.S. v. Savage,* 99 Fed. Appx. 583, 585 (6th Cir. 2004) (quoting LR 7.1(h)(3)).

Hinds merely presents the same issues already rule on by the Court. for that reason, the Court **DENIES** Hinds' motion for reconsideration.

**IT IS ORDERED.**

Dated: February 3, 2020

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge