UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,           Case No. 18-20533

- vs -                    Hon. Victoria A. Roberts

MICHAEL HINDS,

              Defendant.
_____/
MATTHEW SCHNEIDER (P62190)
UNITED STATES ATTORNEY

MICHAEL J. McCARTHY, P.C.
Michael J. McCarthy (P30169)
Attorney for Defendant
26001 Five Mile Road
Redford, MI  48239
(313) 535-1300
_____/

### **DEFENDANT'S SECOND MOTION FOR REVOCATION OF DETENTION ORDER**

NOW COMES the Defendant, Michael Hinds, by and through his attorney, Michael J. McCarthy (P30169), and for the Defendant's Second Motion For Revocation Of Detention Order, brought under 18 U.S.C. § 3141 *et seq*, states unto this Honorable Court as follows:

1.    That the defendant is current awaiting trial on the following criminal charges:

Count One   -  Possession with intent to distribute a controlled substance, cocaine base, contrary to 21 U.S.C. § 841(a)(1);

-1-

Count Two    - Felon in possession of a firearm, contrary to 18
             U.S.C. § 922(g)(1);

Count Three  - Possession of a firearm in furtherance of a drug
             trafficking crime, contrary to 18 U.S.C. § 924(c).

2.   That the indictment also includes criminal forfeiture allegations under 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3.   That on July 20, 2018 the defendant was arraigned on the original complaint and a detention hearing was scheduled for July 23, 2018.

4.   That on July 23, 2018 the defendant consented to detention and the court issued the *Consent Order Of Detention Pending Trial/Hearing* on that date.  (ECF No. 11)

5.   That, subsequently, on November 7, 2019, the defendant's second attorney filed a pleading entitled *Renewed Motion For Release On Bond With Brief In Support Hearing Requested*.  (ECF No. 52)

6.   That the motion contained misstatements of fact regarding the defendant's prior criminal history because it stated that he had not been in criminal trouble since 2002 which was then and is now false.

7.   That the motion did not include a specific plan regarding with whom and where the defendant would reside if his motion to be released from pretrial detention was granted.

-2-

8.    That on December 23, 2019 this Court issued the *Order Denying Defendant's Renewed Motion For Release On Bond [ECF No. 52]*. (ECF No. 58)

9.    That the defendant acknowledges that his prior criminal history includes all of the following convictions:

A.    Armed robbery and possession of a firearm in the commission of a felony, Case No. 02-000222-01-FC, for which he was sentenced on September 9, 2002;

B.    Delivery/manufacture of less than fifty grams of a Schedule 1 controlled substance, third habitual felony offender, possession of marijuana and driving while license suspended (DWLS), Macomb County Circuit Court Case No. 15-002886-FH, for which he was sentenced on March 23, 2016;

C.    Possession of less than twenty-five grams of a Schedule 1 controlled substance, third habitual felony offender, DWLS-2nd and improper transportation of marijuana in a vehicle, Macomb County Circuit Court Case No. 15-003994-FH, for which he was sentenced on March 23, 2016;

D.    Delivery/manufacture of less than fifty grams of a Schedule 1 controlled substance, Wayne County Circuit Court Case No. 17-004990-01-FH, for which he was sentenced on July 28, 2017;

E.    Delivery/manufacture of less than fifty grams of a Schedule 1 controlled substance, second offense notice, Macomb County Circuit Court Case No. 16-003205-FH, for which he was sentenced on May 11, 2017;

F.    Jail prisoner possessing contraband, fourth habitual felony offender, Macomb County Circuit Court Case No. 16-004241-FH, for which he was sentenced on May 11, 2017;

G.    Manufacture/delivery of a controlled substance, Beaver County Pennsylvania Common Pleas Court Case No. 04-0000009-2018, for which he was sentenced on June 6, 2018;

H.    Manufacture/delivery of a controlled substance, Beaver

County Pennsylvania Common Pleas Court Case No. 04-0000008-2018, for which he was sentenced on June 6, 2018;

I.   Manufacture/delivery of a controlled substance, Beaver County Pennsylvania Common Pleas Court Case No. 04-0000412-2018, for which he was sentenced on June 6, 2018.

10.   That, in addition, on February 12, 2019 a warrant was issued by the 73A District Court in Sandusky, Michigan for two counts of resisting and obstructing a police officer.

11.   That the defendant's criminal history also includes a number of charges that he violated the terms of his probation in some of the cases identified above in Paragraph No. 9.

12.   That in its December 23, 2019 Order this Court noted that while the defendant's motion stated that he would live with either his mother or his siblings the Pretrial Services Department provided information to the effect that, at some point in the past, the defendant's mother put him out of her home for reasons unknown to the Pretrial Services Department.

13.   That the defendant's mother, Bernice Hinds, informed present defense counsel on May 26, 2020 that her son, Michael Hinds, is welcome to live at her home, in Westland, Michigan if he is released from pretrial detention and that -- provided he obeys her house rules -- he can live with her until the trial of this matter is conducted and concluded.

14.   That Ms. Hinds informed present defense counsel that a

-4-

number of years ago she did put Michael Hinds out of her home in Westland, Michigan because he then failed to live by her house rules.  Further, she stated that she expects him to abide by those rules if he is released from pretrial detention and allowed to live with her.

15.  That Ms. Hinds informed present defense counsel that she is ready, willing and able to act as the third party custodian for her son, under 18 U.S.C. § 3142(c)(1)(B)(i). Further, she informed defense counsel that she would immediately report any violation of the terms of the defendant's pretrial release to this Court or the Pretrial Services officer assigned to supervise him.

16.  That a material change in circumstances has developed since December 23, 2019 when this Court issued its Order that denied the defendant's motion to be released from pretrial detention, to wit: The COVID-19 pandemic.

17.  That defense counsel cannot provide statistics regarding the number of prisoners being held at the defendant's place of pretrial detention -- the Milan Detention Center (MDC) in Milan, Michigan -- who have contracted the disease associated with COVID-19 as he is not privy to that information.

18.  That defense counsel can report, due to anecdotal information he has received during the current pandemic, that

some prisoners currently held at the MDC have contracted the COVID-19 related disease.

19.   That the now thirty-six year old defendant has suffered and continues to suffer from hypertension, which is a condition that makes one susceptible to contracting the COVID-19 related disease.

20.   That the defendant has a justified and legitimate concern for his own health and well being because of the danger to his health posed by the COVID-19 pandemic.

21.   That, the defendant submits, there is a set of conditions under which he could be released from pretrial detention to live in the community at the home of his mother, Bernice Hinds, in Westland, Michigan that will not jeopardize the safety of the community, that will ensure his appearance before this Court at all proceedings where his presence is required and which will also protect the health and well being of the defendant.

22.   That, pursuant to L.R. 7.1(a)(1), defense counsel requested concurrence with this motion from the government on May 29, 2020 but concurrence was denied.

WHEREFORE the Defendant, Michael Hinds, having no relief except before this Honorable Court prays that the Defendant's Second Motion For Revocation Of Detention Order be granted.

MICHAEL J. McCARTHY, P.C.


/s/ Michael J. McCarthy
June 1, 2020                    Michael J. McCarthy (P30169)
                               Attorney for Defendant
                               26001 Five Mile Road
                               Redford, MI   48239
                               (313) 535-1300
                               mjfmccltd@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,            Case No. 18-20533

- vs -                      Hon. Victoria A. Roberts

MICHAEL HINDS,

                Defendant.

_____/

MATTHEW SCHNEIDER (P62190)
UNITED STATES ATTORNEY

MICHAEL J. McCARTHY, P.C.
Michael J. McCarthy (P30169)
Attorney for Defendant
26001 Five Mile Road
Redford, MI  48239
(313) 535-1300

_____/

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**SECOND MOTION FOR REVOCATION OF DETENTION ORDER**

On July 23, 2018, when he was first arrested and charged under the original complaint, Michael Hinds consented to detention.  Subsequently, on November 7, 2019, his second defense attorney filed a pleading entitled *Renewed Motion For Release On Bond With Brief In Support Hearing Requested*.  (ECF No. 52)  That motion was denied in the *Order Denying Defendant's Renewed Motion For Release On Bond  [ECF No. 52]* that was issued by this Court on December 23, 2019. (ECF No. 58)

The motion filed by the predecessor to present defense

-8-

counsel was defective in at least the following three aspects, two of which were cited by this Court in the December 23, 2019 Order:

1. The title of the motion stated that it was a "renewed" motion but no previous motion for release from pretrial detention was ever filed on behalf of the defendant;

2. The motion misstated the defendant's criminal record in a material manner;

3. The motion failed to specify with whom and where the defendant would reside if he was to be released from pretrial detention.

In *United States v. Stone,* 608 F3d 939 (6th Cir. 2010) The Sixth Circuit reviewed the Bond Reform Act, 18 U.S.C. § 3141 *et seq*, and, citing *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L.Ed.2d 697 (1987), stated that a defendant can only be placed in pretrial detention if a judicial officer finds that there is no set of conditions that will reasonably assure the defendant's appearance in court and the safety of the community. It then went on to state, "The default position of the law, therefore, is that a defendant should be released pending trial." (at p 945)

While this Court reviewed the issue of whether the defendant could be released from pretrial detention over five months ago -- and held that there was no set of conditions under which he could be released -- there has developed a material change in

circumstances which forms the basis upon which Michael Hinds brings the instant motion.  The change is the onset of the COVID-19 pandemic and its potential for adversely affecting the health and well being of Mr. Hinds.

18 U.S.C. § 3142(e)(3)(A) and (B) provide for rebuttable presumptions in favor of detention where the defendant is charged with, *inter alia*, a violation of The Controlled Substance Act, 21 U.S.C. § 801 *et seq,* which carries a maximum penalty of ten years, or a violation of 18 U.S.C. § 924(c).  That particular penalty based presumption applies here because the maximum penalty for a violation of 21 U.S.C. § 841(a) is twenty years and, if enhanced due to a prior felony drug conviction, is thirty years.  It also applies due to the 18 U.S.C. § 924(c) charge.

The key word here is "rebuttable".  While the defendant has the burden of production to rebut the presumption he can satisfy that requirement due to the COVID-19 pandemic and the damage it poses to his health while he remains in pretrial detention at the Milan Detention Center in Milan, Michigan.

The burden here is low.  See *United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991) and *United States v. Rodriguez,* 950 F.2d 85 (2nd  Cir. 1991).  Mr. Hinds submits that his health could and would be much better safeguarded if he were released to live in the home of his mother, Bernice Hinds, in Westland,

Michigan.  She could and would serve as his third party custodian under 18 U.S.C. § 3142(c)(A) and 18 U.S.C. § 3142(c)(B)(i).

That statute, provides, in relevant part, as follows:

**(c) Release on conditions.--(1)** If the judicial officer determines that the release described in subsection (b) of this section wll not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person--

**(A)** <u>subject to the condition that the person not commit a Federal, State, or local crime during the period of release</u> and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 8 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and

**(B)** subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person--

(i) <u>remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court,</u> if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

(emphasis added)

Ms. Hinds can satisfy and comply with the requirements of release to a third party custodian as is set forth in 18 U.S.C. § 3142(c)(B)(i), supra.

There is another presumption that applies to Michael Hinds'

case at its current pretrial stage.  It is the presumption of innocence.  He submits that justice in his case will best be served by allowing him to reside in his mother's home from where he will be much more easily able to confer with his attorney and prepare together with him for his upcoming trial while maintaining his health.

Finally, while this Court has previously ruled on the issue of pretrial detention in this case 18 U.S.C. § 3145(b) provides for the review of a detention order as follows:

> **(b) Review of a detention order.**--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly.
>
> (emphasis added)

Here the issue is the COVID-19 pandemic and whether -- due to its continuing and deadly nature -- there is a set of circumstances under which the presumed innocent defendant, Michael Hinds, can live outside of pretrial detention without endangering the community.  He assures this Court that he can do so and that, if given the opportunity to live in the home of his mother, he will do so.

There is a set of circumstances, which include electronic monitoring, that will enable this Court to release the defendant

to live in his mother's home that will protect the community from danger and make certain that the defendant will not violate any law.   Home confinement and close supervision by the Pretrial Services officer assigned to Mr. Hinds' case will achieve those goals.

WHEREFORE the Defendant, Michael Hinds, having no relief except before this Honorable Court, prays that the Defendant's Second Motion For Revocation Of Detention Order be granted.

MICHAEL J. McCARTHY, P.C.


June 1, 2020                /s/ Michael J. McCarthy
                           Michael J. McCarthy (P30169)
                           Attorney for Defendant
                           26001 Five Mile Road
                           Redford, MI   48239
                           (313) 535-1300
                           mjfmccltd@yahoo.com

-13-

## <u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

I hereby certify that on June 1, 2020 I electronically filed the foregoing document with the Clerk of the Court using ECF system. It will send notification of such filing to the following:

Jihan Williams, Esq.
Assistant U.S. Attorney
211 W. Fort St., Suite 2001
Detroit, MI   48226
jihan.williams@usdoj.gov

                                    MICHAEL J. McCARTHY, P.C.


                                    /s/ Michael J. McCarthy
June 1, 2020                        Michael J. McCarthy (P30169)
                                    Attorney for Defendant
                                    26001 Five Mile Road
                                    Redford, MI   48239
                                    (313) 535-1300
                                    mjfmccltd@yahoo.com

-14-