UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,        Case No. 18-20533
v.        District Judge Victoria A. Roberts
      Magistrate Judge Mona K. Majzoub

MICHAEL HINDS,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION FOR REVOCATION OF DETENTION ORDER [ECF No. 79]

Before the Court is Defendant Michael Hinds' second motion for revocation of the Court's detention order pursuant to 18 U.S.C. § 3141 *et seq*. Because Hinds fails to rebut the presumption of detention, the Court **DENIES** the motion.

### I.    FACTUAL BACKGROUND

The Government charged Michael Hinds in a three-count Indictment with: one count of Possession with Intent to Distribute a Controlled Substance – Cocaine Base in violation of 21 U.S.C. § 841(a)(1); one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking

1

Crime in violation of 18 U.S.C. § 924(c). The charges stem from Hinds' arrest on November 23, 2017.

Magistrate Judge Elizabeth A. Stafford entered a consent order of detention on July 23, 2018. Hinds was then already serving a one-year custodial sentence in a Pennsylvania state prison. Pretrial Services also recommended detention.

Hinds filed a motion for release on bond on November 7, 2019. [ECF No. 52]. Pretrial Services provided an updated memorandum, again recommending detention. The Court denied that motion because Hinds failed to rebut the presumption of detention after he failed to address his criminal history, history of non-compliance with Court orders, and his mother's previous reasons for kicking him out of her home. [ECF No. 58, PageID.397]. The record shows prior convictions including armed robbery, several controlled substance offenses, possessing contraband while in jail, and probation violations. [ECF No. 79, PageID.473].

## II.  STANDARD OF REVIEW

This is a renewed motion for bond. A district court may reopen a detention hearing any time prior to trial if the court determines "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of

release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

When there is probable cause that a defendant committed one of the crimes listed in section 3142(e)(3), there is a rebuttable presumption in favor of detention. *Id.* This section includes offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et seq.*). Because Hinds is charged with Possession with Intent to Distribute a Controlled Substance – Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c), this rebuttable presumption applies.

A defendant rebuts the presumption favoring detention when he produces evidence that he does not pose a danger to the community and is not a flight risk. *Id.* (internal citations omitted). Even when a defendant rebuts the presumption, the Court must still consider the factors set forth in § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or

the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Ultimately, a defendant may be detained pending trial only if the judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

## III. ANALYSIS

### a. COVID-19

Hinds says the COVID-19 global pandemic presents a material change in circumstances since the Court's December 2019 order. Hinds is correct. The COVID-19 pandemic is certainly a consideration for the Court to take into account when determining whether to order release. The Court acknowledges the greater risk of infection posed to the incarcerated; inmates and staff have a reduced ability to practice the social distancing and quarantine recommendations of the Centers for Disease Control and Prevention ("CDC"). The CDC notes that many detention conditions create a heightened risk of danger to detainees, including insufficient quarantine space, highly congregational environments, and low capacity for patient volume. *See* Centers for Disease Control and Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional*

*and Detention Facilities,* Centers for Disease Control and Prevention (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Jun. 26, 2020).

Hinds is 36 years old and says he suffers from hypertension. He says this makes him susceptible to contracting COVID-19. The CDC specifically lists "pulmonary hypertension," as a "serious heart condition" that increases risk of severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *People Who Are At Higher Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Jun. 26, 2020).

Hinds does not provide documentation or detail concerning the severity of his hypertension. The Government did attach a medical summary; the Bureau of Prisons Health Services notes Hinds' hypertension as "essential (primary) hypertension."

The Court must balance Hinds' risk of infection while confined against the right of the community to be free from danger if he is released and fails to abide by the Court's conditions.

### b. Hinds Fails to Rebut the Presumption of Detention

Hinds has the burden of production to rebut the presumption of detention. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010). He says he can satisfy his burden and relies primarily on the COVID-19 pandemic and the damage it poses to his health if he remains incarcerated. But this alone will not satisfy Hinds' burden of production to rebut the presumption that no condition or set of conditions will reasonably assure his appearance and the safety of the community.

Hinds says his first motion for bond contained misstatements of fact regarding his prior criminal history, did not include a specific plan regarding with whom and where he would reside if the Court granted his motion for release. Now, he acknowledges his criminal history and history of probation violations. Hinds also addresses his mother's previous reasons for kicking him out of her home and says that she is willing and able to act as his third-party custodian. Hinds says he is welcome to live in her home if he abides by her house rules. He says there is a set of conditions under which he could be released to his mother that will not jeopardize the safety of the community, will ensure his appearance before the Court, and will also protect Hinds' health and wellbeing, including electronic monitoring, home confinement,

and close supervision by his assigned Pretrial Services Officer. The Court does not agree.

Hinds' simple acknowledgement of his criminal history and his history of noncompliance with court orders do not assuage the Court's concern about his likelihood to appear and the safety of the community. Hinds' mother's willingness to serve as a third-party custodian comes with a caveat – that she previously put Hinds out of her home because he failed to live by her house rules. As the Government argues, the Court cannot reasonably assure that Hinds will comply with his mother's rules given his criminal history, history of probation violations, and admitted previous noncompliance with his mother's rules as outlined above.  As an aside, the Court is neither aware of what Hinds' mother's house rules are, nor whether they would be in compliance with any condition that the Court would set.

## IV.    CONCLUSION

Although COVID-19 is a new consideration that the Court was not presented with in July 2018 and December 2019, it does not overcome the Court's earlier finding that there is no condition or set of conditions that will reasonably assure Hinds' appearance or the safety of the community, nor does Hinds rebut the presumption of detention.

The Court **DENIES** Hinds' second motion for bond.

**IT IS ORDERED.**

Dated: June 30, 2020  　　　　　　　　　s/ Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　United States District Judge