UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 18-20533
v.                                       District Judge Victoria A. Roberts

MICHAEL HINDS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO
SUPPRESS OR DISMISS (ECF No. 112)**

Defendant Michael Hinds filed a Motion to Suppress Evidence or Dismiss. He contends that officers violated his Fourth and Fourteenth Amendment rights when they stopped and searched him because of his race.

Officers spotted Hinds' smoke-filled minivan outside of an abandoned house at midnight. They approached the van and observed Hinds rolling a marijuana blunt and several vials of marijuana in the front console of the vehicle. (ECF No.112, PageID.939).

Hinds' argument is the same as it was in his earlier motion to suppress (ECF No. 23, PageID.62) and motion for reconsideration (ECF No. 63, PageID.413). He argued then that his compliance with the Michigan Medical

1

Marijuana Act ("MMMA") as a medical marijuana card holder precluded a finding of probable cause to search the van based on marijuana possession.

In its Order Sustaining the Government's Objections in Part; Rejecting the Magistrate Judge's Report and Recommendation and Denying Defendant's Motion to Suppress, the Court held: "[w]hether Hinds was in compliance with the MMMA . . . has no bearing on whether probable cause to execute the search existed under the Fourth Amendment." (ECF No. 38, PageID.239). In its Order Denying Defendant's Motion For Reconsideration, this Court found that under these circumstances and under federal law, officers had probable cause to search Hinds' vehicle. (ECF No. 67, PageID. 433).

Now Hinds argues that officers selectively stopped and searched his van because he is African American, and they had no probable cause. (ECF No. 112, PagedID.932).

Hinds proposes that exclusion of evidence or dismissal of the case is an appropriate remedy for selective enforcement. In selective enforcement cases "it is an absolute requirement that the plaintiff make at least a prima facie showing that similarly situated persons outside [his] category were not prosecuted.'" *Gardenhire v. Shubert*, 205 F.3d 303, 319 (6th Cir. 2000) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir.1997)).

While Hinds correctly cites to the law of selective enforcement and the remedy of dismissal, he presents no evidence of selective enforcement in this case.

Hinds repackages the same issues already ruled on by the Court, without labelling his motion as one for reconsideration. The Court **DENIES** Hinds' Motion to Suppress or Dismiss.

**IT IS ORDERED.**

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: September 14, 2021