UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                         Case No. 18-20533
                                          Honorable Victoria A. Roberts

MICHAEL HINDS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL [ECF No. 122]

### I. Introduction

Michael Hinds–facing cocaine and gun charges—seeks to inspect uncharged heroin which remains in the possession of law enforcement. Hinds intends to use the heroin inspection results to attack the credibility of the law enforcement officers who seized the cocaine that led to his current charges.

Because Hinds' inspection of the heroin is not material to preparing his defense on the elements of the charged crimes, and the results of inspecting the heroin would—at best—be extrinsic evidence of law enforcement credibility, the Court **DENIES** Hinds' motion to compel.

1

## II.     Background

Several pretrial motions filed in this case describe the facts that led to the search of Hinds' car, the seizure of evidence, and his arrest in November 2017. Following the arrest and seizure, the government indicted Hinds on one count of Possession with Intent to Distribute Cocaine Base, one count of Felon in Possession of a Firearm, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

Detroit Police ("DPD") Officers prepared a report summarizing the items recovered from Hinds' car. Those items included a handgun, and a lunch bag containing "numerous knotted plastic sandwich bags of crack cocaine chunks and heroin chunks." [ECF No. 123-2, PageID.1018].

The Michigan State Police ("MSP") generated a laboratory report for the controlled substances recovered. Two items were tested: (1) item #1A, two clear plastic bags each "containing a solid, grey material," and (2) item #1B, eight knotted clear plastic bags each "containing a solid off-white material." [ECF No. 123-3, PageID.1021]. The lab identified these substances as heroin and cocaine base. [Id].

Hinds requested that he be permitted to physically examine the heroin. The government met defense counsel and Task Force Officer (TFO) Jackie Kocis-Maniaci at the Detroit Public Safety Headquarters on September 22,

2021 for inspection of the bag of drug evidence containing the heroin. During the meeting, defense counsel observed that the bag of drug evidence was sealed. He said that it was impossible to see or inspect the heroin through the bag. Defense counsel requested that the larger bag be unsealed so that he could examine the individual bags inside. At this point, TFO Kocis-Maniaci confirmed with the evidence room supervisor that a court order was needed to unseal the bag.

Hinds filed this motion to compel the government to unseal the bag of controlled substances. He speculates that "the heroin the government possesses now is not the same as the heroin [it describes as being seized] from Hinds [during the search]." [ECF No. 122, PageID.1006]. The only reason Hinds gives for his belief is that the government did not charge him with the heroin. [ECF. No. 124, PageID.1028].

Hinds asserts that inspection of the heroin is "material to whether or not officers . . . altered the actual facts as a pretext for charging him," and "whether . . . the cocaine the government possesses is the same as the cocaine allegedly seized from him." [ECF No. 124, PageID.1028].

Hinds wants his court appointed expert chemist to examine and compare "the items seized by the police as shown in body camera footage of the seizure and in photographs of the evidence in the government's

3

possession." [ECF No. 124, PageID.1028] Hinds says, "the expert would be able to testify that the heroin [in the government's possession] is not what [it] allegedly seized from Hinds, and therefore, the credibility of the police officers' testimony about the seizure of the cocaine may be called into question." [Id].

### III.     Applicable Law and Analysis

The government must "permit the defendant to inspect and . . . photograph . . . tangible objects . . . or portions of [such] items, if the item is within the government's possession and control and . . . is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i);

The Supreme Court defines "defense" in the context of Rule 16 to mean the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). Therefore, the rule "applies only to . . . claims that refute the Government's arguments that the defendant committed the crime charged." *United States v. Semrau*, 693 F.3d 510, 529 (6th Cir. 2012) (citation omitted). However, "'a mere conclusory allegation that the requested information is material to the preparation of the defense falls short.'" *United States v. Stampe*, 994 F.3d 767, 771 (6th Cir. 2021) (quoting *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970)).

4

"In assessing materiality, [the Court] consider[s] the logical relationship between the information withheld and the issues in the case. . ." *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011). To demonstrate that an item is material to preparing a defense, defendant must show "an indication that pre-trial disclosure would have enabled the defendant to 'alter the quantum of proof in his favor.'" *Id.*

Hinds fails to show that inspection of the heroin would alter the quantum of proof in his favor. With respect to the elements of the charged crimes, the relevant charge is Possession with Intent to Distribute a Cocaine Base. Even if Hinds could establish that the heroin in the government's possession is not the same as the heroin seized from him, this fact would not be probative of whether he possessed or intended to distribute cocaine.

Hinds' goal is to challenge the credibility of the officers' testimony about their seizure of the cocaine. The Federal Rules of Evidence do not permit Hinds to impeach the testimony of the officers who recovered the cocaine by calling an expert to testify about the heroin. An expert report regarding inspection of the heroin would be extrinsic evidence relating to an item not charged in the indictment. "Extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack . . . a witness's character for truthfulness." Fed. R. Evid. 608(b).

No heroin evidence will be admitted at Hinds' trial.

## IV.   Conclusion

Because Hinds' inspection of the heroin will not alter the quantum of proof on the elements of the crimes charged, the heroin is not material to preparing his defense. Accordingly, the Court **DENIES** Hinds' motion to compel.

The Court notes that Hinds' reply brief raises an argument under Fed. R. Crim. P. 16(a)(1)(E)(iii), which requires the government to permit a defendant to inspect evidence that was taken from or belongs to him. This argument was not made in Hinds' opening brief. Arguments raised for the first time in a reply brief are waived. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir.2010). The Court need not address Hinds' argument under Fed. R. Crim. P. 16(a)(1)(E)(iii).

   **IT IS ORDERED.**

                                              s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  November 10, 2021