UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                    Case No. 18-20533
                                       Honorable Victoria A. Roberts

MICHAEL HINDS,

    Defendant.
_____/

**<u>ORDER: (1) GRANTING IN PART AND DENYING IN PART HINDS' MOTION IN LIMINE TO PROHIBIT USE OF THE TERM "FELON" [ECF No. 142]; AND (2) GRANTING THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO CONSEQUENCES OF CONVICTION AND JURY NULLIFICATION [ECF No. 143]</u>**

**I.    INTRODUCTION**

In August 2018, a federal grand jury issued an Indictment charging Michael Hinds with: (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841; (2) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Trial is scheduled to begin March 3, 2022.

Before the Court are: (1) Hinds' motion in limine to prohibit use of the term "felon" [ECF No. 142]; and (2) the government's motion in limine to

preclude evidence and argument relating to consequences of conviction and jury nullification [ECF No. 143]. The motions are fully briefed.

For the reasons below, the Court: (1) **GRANTS IN PART** and **DENIES IN PART** Hinds' motion to prohibit use of the term felon; and (2) **GRANTS** the government's motion.

## II. HINDS' MOTION IN LIMINE TO PROHIBIT USE OF THE TERM "FELON" [ECF No. 142]

### A. Request to Prohibit Use of the Term "Felon"

The second count of the Indictment charges Hinds with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). However, the statute does not use the term "felon." See § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm . . . .").

Hinds moves the Court to prohibit use of the word "felon" before the jury – including at jury selection, in the jury instructions, and otherwise at trial to describe him, his prior record, or his charges. He argues that because § 922(g)(1) is not titled "felon in possession" of a firearm and does not use the term "felon," disclosing that Hinds has a prior felony taints the jury's opinion of him in violation of his due process rights. Hinds says the

Court should prohibit use of the word felon under Federal Rule of Evidence 403, because the probative value from using the term is substantially outweighed by a danger of unfair prejudice to him. He says if it is disclosed that he is a convicted felon, the jury will find it more difficult to believe him or trust him since societal views of convicted felons are negative.

The government says it intends to describe Hinds' charges using the statutory language of 18 U.S.C. § 922(g)(1) and has no intention of using the term "felon" gratuitously at trial. However, it says Hinds has not shown that any reference to the term felon is so prejudicial that the Court should prohibit its use entirely during a trial for a crime that is best described as "felon in possession of a firearm."

In *United States v. Ray*, 803 F.3d 244 (6th Cir. 2015), the Sixth Circuit held that the district court did not abuse its discretion in allowing the use of the word "felon" at trial where a violation of Section 922(g)(1) was alleged. *Id.* at 260. However, the court noted that: (1) "courts in [the Sixth] Circuit have recognized the potential unfair prejudice that may arise as a result of trying a charge under § 922(g) with other charges arising from the same underlying conduct"; (2) "because the word 'felon' is not used in the statute, there is no reason a court could not use alternative language—such as the language of the statute—instead of labeling the defendant a

3

'felon' or referring to a charge under § 922(g) as 'felon in possession'"; and (3) "if a court conducted a Rule 403 analysis and concluded that the use of the term 'felon' or 'felon in possession' was unfairly prejudicial, [it] see[s] no reason such a ruling should not be upheld." *Id.* at 259-60.

This Court has granted similar motions where – like Hinds – the defendant agreed to stipulate to the fact that he had a previous conviction for a crime punishable by imprisonment for a term exceeding one year. *See United States v. Nixon*, No. 15-20020, 2015 U.S. Dist. LEXIS 176493, at *15-16 (E.D. Mich. Oct. 14, 2015) (Drain, J.) (holding "that the term 'felon' shall not be used in the course of any trial proceedings in this case, including, without limitation, during jury selection, in the jury instructions, and during opening statements, questioning of witnesses, and closing arguments" upon "finding that the term 'felon' could be unfairly prejudicial to a defendant"); *United States v. Tutt*, No. 13-20396, 2013 U.S. Dist. LEXIS 163290, 2013 WL 6062035, at *4 (E.D. Mich. Nov. 15, 2013) (Drain, J.) (acknowledging particular "danger to Defendant because his prior weapons offense conviction create[d] a risk that he will be convicted on a propensity inference alone.").

To avoid unfair prejudice to Hinds and the risk that he is convicted on a propensity inference, the Court GRANTS Hinds' request to prohibit use of

4

the term "felon" at trial.  *See id*.  The parties must not use the term "felon" during trial – including, without limitation, during jury selection, while questioning witnesses, during opening statements and closing arguments, and in jury instructions.

> **B.     Request that the Jury Be Informed that Hinds is Charged with Being "ineligible" to Possess a Firearm**

In addition to prohibiting the use of the term "felon," Hinds requests that:

> [T]he jury should only be informed that he is being charged with being "ineligible" to possess a weapon, and it can be stipulated that he did not have a license to carry a weapon and . . . that he was otherwise ineligible to carry a weapon. That way the only issue the jury would have had to consider is whether he "possessed" the weapon, and Hinds' felony status would not have been disclosed.

\* \* \*

> In explaining the charge, this Court could simply state that Hinds is charged with violating § 922(g)(1), which prohibits ineligible persons from possessing weapons. When charging the jury on this Count, this Court could advise the jurors that the parties have stipulated that Hinds was not eligible to possess a weapon; then, the jury will only have to decide whether he actually possessed the weapon.

[ECF No. 142, PageID.1195, 1197].

In denying a similar request by the defendant in *Nixon*, Judge Drain observed that "simply telling the jury that Defendant is 'ineligible' to possess a firearm would eliminate from the jury's consideration one of the

elements of the crime (i.e., Defendant is a 'person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year')." *Nixon*, 2015 U.S. Dist. LEXIS 176493, at *17. Judge Drain then explained that this would be problematic because: (1) a "district court may not eliminate an element of the crime charged," *id.* (quoting *United States v. Underwood*, 97 F.3d 1453, 1996 WL 536796 at *6 (6th Cir. Sept. 20, 1996)); and (2) "it is still the Government's burden to prove each element of the offense and, likewise, generally the jury must make a finding as to each element, even where there is a stipulation to the elemental facts," *id.* at *17-18 (quoting *Ray*, 803 F.3d at 259).

For the reasons explained in *Nixon*, the Court denies Hinds' request to instruct the jury that he is charged with being "ineligible" to possess a firearm and that he is "ineligible" to possess a firearm. The Court will use the statutory language (i.e., that Hinds has been convicted of a crime punishable by imprisonment for a term exceeding one year) when instructing the jury.

### III. THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT RELATING TO CONSEQUENCES OF CONVICTION AND JURY NULLIFICATION [ECF No. 143]

The government moves the Court to preclude evidence and argument relating to punishment or collateral consequences of conviction of Hinds, as

well as evidence and argument relevant only to, or advocating for, jury nullification. Specifically, the government requests that the Court prohibit any race-based arguments by Hinds related to the legitimacy of the stop and search of Hinds' car.  The government says such arguments: (1) do not bear on Hinds' guilt or innocence and would only be advanced to support a plea for jury nullification; (2) are precluded by the Court's prior rulings on Hinds' multiple suppression motions, where the Court ruled that the stop and search of Hinds' car was constitutionally permissible and that Hinds "presents no evidence of selective enforcement" to support his racial profiling claim.

Hinds opposes the motion in part.  Hinds does not respond to the government's request to preclude evidence and argument related to punishment or collateral consequences of conviction and evidence and argument relevant only to, or advocating for, jury nullification.  However, Hinds asks the Court "to deny the relief requested by the government related to precluding [him] from making 'race-based arguments' to attack the credibility of the government's witnesses at trial."  [ECF No. 147, PageID.1224].

Hinds says he has a constitutional right to confront the government law enforcement witnesses against him.  He says "[t]he racial bias of the

government's witnesses is relevant to their credibility"; the issue of their credibility is always relevant; and it is the province of the jury to make its own credibility decision for each witness. [*Id.*, PageID.1228]. Hinds explains that "[his] argument to the jury [would be] that because of the officer(s)' racial bias, their testimony should not be believed." [*Id.*, PageID.1231].

Because Hinds fails to respond to or oppose the government's request to preclude evidence and argument related to punishment or collateral consequences of conviction and evidence and argument relevant only to, or advocating for, jury nullification, the Court GRANTS that request and bars evidence and argument of that nature.

The only issue left to decide is whether to allow Hinds to make his so-called "'race-based arguments' to attack the credibility of the government's witnesses."

Hinds says he "is not relitigating whether or not the pistol should have been suppressed; he is simply attacking the credibility of the government witnesses. The jury is . . . being asked to question the racial bias and credibility of the government's witnesses— whether they should believe the government witnesses." [ECF No. 147, PageID.1232-33].

8

The Court DENIES Hinds' request. As the government states, the Court upheld the lawfulness of the search and seizure and found that Hinds presented no evidence of selective enforcement to support his racial profiling claim. Additionally, it is well-settled that "[s]ubjective intentions [and/or actual motivations for making a stop] play no role in ordinary, probable-cause Fourth Amendment analysis." *Arkansas v. Sullivan*, 532 U.S. 769, 771-72 (2001) (quoting *Whren v. United States*, 517 U.S. 806, 813, (1996)).

While Hinds is allowed to cross-examine government witnesses to test their credibility, he presents no evidence whatsoever that the officers here are racially biased. The questioning would be purely speculative and would create a danger of confusing the jury and/or causing jury nullification.

To protect against these risks, the Court will not allow Hinds' proposed questioning unless he can present at least some evidence that the officers are racially biased such that the cross examination would not be a fishing expedition. If Hinds can present some evidence that the officers are racially biased, the Court will allow him to question the officers on their racial bias.

## IV.     CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Hinds' motion to prohibit use of the term "felon" [ECF No. 142] and **GRANTS** the government's motion to preclude evidence and argument relating to consequences of conviction and jury nullification [ECF No. 143].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 11, 2022