UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 18-20533
                                          Honorable Victoria A. Roberts

MICHAEL HINDS,

    Defendant.
_____/

## ORDER REGARDING DEFENDANT'S OBJECTIONS TO GOVERNMENT'S EXHIBITS [ECF No. 159]

### I. Introduction

Michael Hinds submitted objections to the Government's proposed exhibits and the court heard oral argument on March 2, 2022. For the reasons stated on the record and below, Hinds' objections are **OVERRULED** in part and **SUSTAINED** in part.

### II. Objections

### Objection 1

Hinds objects to Exhibit 6a and requests that an instruction be given to the jury stating that Hinds was in compliance with the Michigan Medical Marihuana Act. The instruction is unnecessary because the government

1

will redact the part of the video where the officer discusses Hinds transporting marijuana illegally.

This objection is overruled.

**Objection 2**

Hinds argues that Exhibit 6g violates the best evidence rule FRE 1002, which provides that an original writing, photo, or recording is required to prove its contents. The government offers the original video and the original content. The fact that the video is in slow motion does not change its original content.

This objection is overruled.

**Objection 3 & 6**

Hinds objects to the introduction of exhibit 4b, four green plastic containers found in the console of the car, and exhibit 7a- six plastic marihuana containers found in the same spot. The government wants to use these vials to prove distribution.

The empty vials found in the console are of limited probative value. They do not shed light on Hinds' alleged intent to distribute drugs, and it is questionable whether they belong to Hinds; his name is not on them.

This objection is sustained.

**Objection 4**

Hinds objects to Exhibits 6c and 6d. This is a video clip and interrogation transcript of Officer Harnpanich questioning Hinds about the ownership of the car. Hinds claims this interrogation occurred while he was in custody and before Officer Harnpanich read him his Miranda rights.

The Court found in its Order Granting Defendant's Motion to Suppress that the custodial detention began after police found the gun. [ECF No. 108, PageID.800]. The statements in 6c and 6d took place before the gun was found. Harnpanich was not required to give Miranda warnings before asking Hinds about ownership of the car.

This objection is overruled.

**Objection 5**

Hinds objects to Exhibit 8, a box of small unused plastic bags in the backseat. He claims that this evidence is not relevant and would be more prejudicial than probative.

The bags are admissible. Whether Hinds possessed the bags is a question for the jury to decide. Evidence is relevant if it has any tendency to make a consequential fact more or less probable than it would be without the evidence. FRE 401. To be admissible evidence must be relevant and

satisfy FRE 403 (its probative value must not be substantially outweighed by the danger of unfair prejudice, undue delay, confusing the jury, or cumulative evidence).

The plastic bags were found in the same car that the government contends was in Hinds' possession and control and this evidence is probative of whether he intended to distribute drugs. There is little (if any) unfair prejudice.

This objection is overruled.

**Objection 7**

Hinds objects to exhibit 7b- a digital scale found in the center console of the Dodge Caravan. He claims that it is not relevant. Hinds is wrong. The scale is probative on the question of intent to distribute. It does not matter if the scale was found in the front console near the driver and rear passenger. Whether Hinds possessed the scale is for the jury to decide.

This objection is overruled.

**Objection 8**

Hinds objects to the testimony of TFO Eric Smigielski, ATF. Officer Smigielski will testify to a mirandized statement taken from Hinds. Hinds believes that this statement is hearsay, was given during plea negotiations,

and is inadmissible under FRE 410. Hinds relies on *United States v. Murphy*, 2011 U.S. Dist. Lexis 117973, *5 (S.D. Ohio, Oct. 12, 2011), where the court excluded two letters sent by the defendant to detectives. The court reasoned that the defendant had a reasonable belief that he was engaged in plea negotiations because the evidence suggested that there had been prior discussion with government attorneys about him providing information in exchange for a favorable plea agreement. *Id*.

Unlike Murphy, Hinds' statement is not excludable under FRE 410; there is no evidence that a government attorney participated in plea negotiations when the statement was made.

The statement is not excludable as hearsay either. Under FRE 801, a statement offered against an opposing party that was made by that party in an individual or representative capacity is not hearsay. Hinds made the statement to TFO Eric Smigielski and it is being used against him. This is an opposing party statement and is not hearsay.

This objection is overruled.

**Objection 9**

Hinds seeks dismissal of this indictment because the confession, "its all me bro," was suppressed by the Court and he says it was pivotal in

obtaining this Indictment. Suppression of a confession is not a basis for dismissal of an indictment where there is other relevant evidence probative of guilt.

This objection is overruled.

**Jury Instruction regarding the Legality of the Stop**

The government proposes a jury instruction regarding the legality of the initial traffic stop that led to Hinds arrest. The Court finds that this instruction is proper and will give it to the jury at the close of evidence.

**IT IS ORDERED.**

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  March 4, 2022